UNITED STATES of America, Appellee

v.

Guillermo SEGOVIA, Appellant.

No. 12–3047.

United States Court of Appeals, District of Columbia Circuit.

May 21, 2013.

Elizabeth Trosman, Esquire, U.S. Attorney's Office, Washington, DC, for Appellee.

Gary M. Sidell, Esquire, Law Office of Gary M. Sidell, Washington, DC, for Appellant.

Before: GARLAND, Chief Judge, BROWN, Circuit Judge, and SENTELLE, Senior Circuit Judge.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs submitted by the parties. See FED. R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. See D.C.CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

The appellant, Guillermo Segovia, was sentenced to 96 months in prison after pleading guilty to unlawfully distributing 3.5 to 5 kilograms of cocaine. Segovia's principal argument on appeal is that the sentencing judge erred by denying him a sentencing adjustment for "acceptance of responsibility." U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(a). But Segovia fled the country for three years between his plea and his sentence, and was reapprehended only after being pulled over and convicted of drunk driving in Maryland, resulting in a sentencing enhancement for "obstruct[ing] ... the administration of justice." *Id.* § 3C1.1; *see id.* § 3E1.1, Application Note 4 (conduct resulting in a sentencing enhancement for obstructing

justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct"). Nothing more needs to be said; the judge's decision was reasonable.

The appellant's remaining arguments are also without merit. Segovia contends that he is entitled to a sentencing adjustment for being a "minor participant" in his offense, *id.* § 3B 1.2(b), despite his admission that he helped identify a cocaine buyer, provided transportation to and from drug sales, handled cocaine, and personally participated in the attempted sale of 2 kilograms of cocaine. Segovia also argues that his sentence is substantively unreasonable because it generates an "unwarranted sentence disparit[y]" between him and his two codefendants, 18 U.S.C. § 3553(a)(6), who received sentences of 24 and 30 months, respectively. Yet not only did Segovia receive a sentence three years below the applicable Guidelines range, *see United States v. Mejia*, 597 F.3d 1329, 1343 (D.C.Cir.2010) (observing that it is "hard to imagine" how a sentence two years below the applicable Guidelines range could be substantively unreason-

able), but the disparity between Segovia's and his codefendants' sentences is well justified by Segovia's obstruction of justice, worse criminal record, failure to accept responsibility, and plea of guilty to more serious charges.

Finally, Segovia argues that the district court did not state with sufficient clarity whether it granted him a six-month sentencing departure due to his status as a deportable alien. *See United States v. Smith*, 27 F.3d 649 (D.C.Cir.1994). But it did. *See* Sentencing Hearing Tr. at 33 ("I would have given you the *Smith* departure, which I still will.").

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or rehearing en banc. See FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).